UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANGEL GUTIERREZ GARCIA (A# 204-556-212),<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | No. 1:26-cv-02515 DC SCR<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

## FACTUAL AND PROCEDURAL HISTORY

### I. Factual Background

Petitioner, a native and citizen of Mexico, entered the United States without inspection in 2002 and was granted voluntary return to Mexico. ECF No. 8-1 at 3 (Form I-213). Petitioner subsequently entered the United States without inspection on an unknown date. He has resided in South Carolina for 24 years and is the father to a U.S.-citizen child. ECF No. 11 at 5, ¶ 18.

On May 23, 2025, South Carolina Highway Patrol officers arrested Petitioner for DUI and driving without a license and booked him into the J. Rueben Long Detention Center. ECF No. 8-1 at 2; ECF No. 8-3 at 9 (FBI "rap sheet"). On May 24, 2025, an officer from the Horry County

Sheriff's Office § 287(g) program interviewed Petitioner and determined he was present in violation of the Immigration and Nationality Act ("INA").[1] ECF No. 8-1 at 2. On May 25, 2026, the Department of Homeland Security ("DHS") issued Petitioner a Notice to Appear ("NTA") charging him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) (noncitizen present without admission or parole). ECF No. 8-2 (NTA). Petitioner was initially taken into custody in Georgia but has been detained at the California City Detention Facility since August 30, 2025. ECF No. 11 at 5, ¶ 19; id. at 32 (Form I-830E).

On June 23, 2025, Petitioner received a custody redetermination hearing pursuant to 8 C.F.R. § 1236. An immigration Judge ("IJ") denied Petitioner's request for bond, writing in full that he "has not met his burden to show that he is not a danger to the community." ECF No. 8-4. On April 15, 2026, an IJ determined Petitioner was inadmissible under § 1182(a)(6)(A)(i) and granted his application for post-conclusion voluntary departure under INA § 240B(b). ECF No. 11 at 45-51. Petitioner appealed the IJ's ruling to the Board of Immigration Appeal on May 5, 2026. ECF No. 11 at 52-58. On May 4, 2026, Petitioner's pending DUI and driving without a license charges were dismissed. ECF No. 11 at 26.

**II. Procedural History**

Petitioner, proceeding pro se, initiated this action on April 2, 2026. ECF No. 1. In his § 2241 petition, Petitioner argued his prolonged detention under 8 U.S.C. § 1226(c) without bond violates the Due Process Clause of the Fifth Amendment. ECF No. 1. Respondents opposed the petition and argued Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and lacks due process rights separate and apart from the statute. ECF No. 8. Respondents also informed the Court of the IJ's June 23, 2025, bond ruling that Petitioner posed a risk of danger. Id. at 3.

Due to the complexity of the legal issues, namely Petitioner's representations throughout the pro se petition that he was subject to mandatory detention under 8 U.S.C. § 1226(c), the

---

[1] INA § 287(g) [8 U.S.C. § 1357(g)] permits the Attorney General to deputize State law enforcement "to perform a function of an immigration officer in relation to the investigation, apprehension, or detention of aliens in the United States." 8 U.S.C. § 1357(g).

undersigned appointed counsel and ordered the Parties to brief the five factor test set forth in Doe v. Chestnut, 810 F. Supp. 3d 1169 (E.D. Cal. 2025). ECF No. 3. In the counseled amended complaint, Petitioner raises three causes of action: (1) Relief Pursuant to the Maldonado Bautista "Bond Eligible Class";[2] (2) Violation of Fifth Amendment Substantive Due Process; and (3) Violation of the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(2)(A), based on detention without notice or pre-deprivation process. ECF No. 11 at 18-20. By way of relief, Petitioner seeks immediate release and a declaration that his continued detention violates 8 U.S.C. § 1226(a), the Due Process Clause of the Fifth Amendment, and the APA. Id. at 21. In their amended answer, Respondents incorporate their prior § 1225(b)(2) arguments and deny that Petitioner's ongoing detention violates substantive due process. ECF No. 12. Petitioner filed a brief reply reasserting § 1226(a) as the basis for his detention and arguing that the IJ's cursory bond decision does not preclude release as remedy here. ECF No. 13.

## DISCUSSION

### I. Applicable Detention Statute

Count I of the amended petition's reliance on the Maldonado Bautista declaratory judgment as source of relief is misplaced. On March 31, 2026, the Ninth Circuit granted the government's motion for a stay pending appeal of the district court's December 18, 2025, class certification order and declaratory judgment, except as to the Central District of California. Bautista, et al. v. U.S. Dep't Homeland Security, et al., Case No. 26-1044, ECF No. 17 (9th Cir. Mar. 31, 2026). As that stay is still in place, this Court has no authority to award relief pursuant to the declaratory judgment.[3]

[2] In Maldonado Bautista, the district court issued a declaratory judgment that § 1226(a) governed the detention of the certified "Bond Eligible Class" of noncitizens defined as: "All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time [DHS] makes an initial custody determination." Maldonado Bautista, 813 F. Supp. 3d 1084, 1127 (C.D. Cal. 2025), judgment entered sub nom. Maldonado Bautista v. Noem, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).

[3] The undersigned takes judicial notice of the Ninth Circuit Docket (Case No. 26-1044). Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (a court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

Despite its reliance on Maldonado Bautista, "when reduced to its simplest form, this is simply a claim that Respondents lack statutory authority to detain petitioner without a bond hearing." J.S. v. Wofford, No. 1:25-CV-02016 DC SCR, 2026 WL 125258, at *5 (E.D. Cal. Jan. 16, 2026) (construing petition's Maldonado Bautista framing as seeking relief pursuant to 8 U.S.C. § 1226(a)), report and recommendation adopted, No. 1:25-CV-02016 DC SCR (HC), 2026 WL 297304 (E.D. Cal. Feb. 4, 2026). Accordingly, the undersigned construes this claim as alleging that "Respondents violate the INA in applying the mandatory detention statute at § 1225(b)(2)[.]" ECF No. 11 at 18, ¶ 54.

Turning to the substance of Petitioner's argument, Respondent's position that Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) is based on the minority viewpoint in this Circuit:

> Respondents' argument that section 1225 applies to all noncitizens who entered the United States without inspection has been consistently rejected by a majority of courts in this district and courts across the country. See Valencia Zapata v. Kaiser, No. 25-cv-07492-RFL, 2025 WL 2741654, at *10 (N.D. Cal. Sep. 26, 2025) (citing Salcedo Aceros, 2025 WL 2637503, at *8) (collecting cases). Instead, those courts have generally held that section 1226 rather than section 1225 is the appropriate section to apply in cases in which a noncitizen is already living in the United States. See Morillo v. Albarran, No. 25-cv-01533-DJC-AC, 2025 WL 3190899, at *4 (E.D. Cal. Nov. 15, 2025) ("As Petitioner has been present in the United States for 19 years ... he is likely to succeed on the merits of his claim that he is unlawfully detained under Section 1225(b)(2)'s mandatory detention provision."); Huerta v. Bondi, No. 25-cv-00941-JLT-HBK, 2026 WL 366709, at *1 (E.D. Cal. Feb. 10, 2026) (holding that the petitioner, who "entered the United States without inspection and has been residing continuously here for more than 20 years without any contact with immigration authorities ... is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A)"); J.A.C.P. v. Wofford, No. 25-cv-01354-KES-SKO, 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025) (same as to petitioner who had resided in United States for four years before detention); Bernardo Aquino v. Larose, No. 25-cv-02904-RSH-MMP, 2025 WL 3158676, at *3 (S.D. Cal. Nov. 12, 2025) ("The overwhelming majority of courts to address the issue have agreed that Section 1226(a), rather than the mandatory detention provision of Section 1225(b)(2)(A), applies to a noncitizen ... who has resided in the United States for many years.") (citing cases).

Maciel v. Noem, No. 1:26-CV-01318-DC-CKD (HC), 2026 WL 496948, at *4 (E.D. Cal. Feb. 23, 2026). The undersigned agrees with Judge Coggins' analysis and follows the majority view

////

////

in finding that the applicable statute governing Petitioner's detention here is § 1226(a), and not § 1225(b)(2).[4]

The undersigned also notes the increasing body of appellate case law outside the Ninth Circuit on this issue. The undersigned declines to follow Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026), and Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026), for the reasons articulated in De La Paz Salazar, et al. v. Noem, No. 1:26-cv-0899 DC SCR, 2026 WL 915128, at *4 (E.D. Cal. Apr. 3, 2026). The undersigned instead finds persuasive the Second Circuit's extensive analysis in Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026). See also Hernandez Alvarez v. Warden, Federal Detention Ctr. Miami, 175 F.4th 1258 (11th Cir. 2026) (holding that § 1226(a) governs detention of "unadmitted [non-citizens] found in the interior of the United States" and that such non-citizens "are eligible for bond while they go through immigration proceedings"); Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026) (holding that § 1226(a) governs detention of individuals who entered without inspection but are arrested in the interior of the United States); Santillan Quiroz v. Mullin, -- F.4th --, 2026 WL 1876709 (10th Cir. June 30, 2026) (same).

Having determined that petitioner is subject to the discretionary detention scheme in § 1226(a), the undersigned concludes that habeas relief is warranted on Count I. Petitioner argues that release is the appropriate remedy and cites to Valencia Cardenas v. Chestnut, No. 1:26-CV-02073-DAD-SCR (HC), 2026 WL 785871, at *1 (E.D. Cal. Mar. 20, 2026), for support. ECF No. 11 at 19, ¶ 56. Indeed, Valencia Cardenas followed a line of cases ordering the release of petitioners who entered without inspection where "Respondents do not assert any alternative basis for Petitioner's detention, and do not provide any extenuating circumstances that would warrant Petitioner's continued unlawful detention pending a bond hearing, the court finds that the appropriate relief is Petitioner's immediate release." Maciel, 2026 WL 496948, at *5 (citing Lepe v. Andrews, 801 F. Supp. 3d 1104, 1119 (E.D. Cal. 2025)).

---

[4] Petitioner's detention has not yet shifted to 8 U.S.C. § 1231 because his removal order is pending appeal to the BIA. See Avilez, 69 F.4th at 530–31 ("Section 1231(a) does not apply to detention during the pendency of administrative or judicial removal proceedings.").

But the present case is materially distinguishable in that Petitioner has already received a bond hearing pursuant to § 1226(a) and an IJ determined him to be dangerous. In other words, the prerequisite for release under Maciel and Valencia Cardenas—a lack of justification for continued detention given the absence of a bond hearing—is not present. "[T]he IJ's subsequent bond denial supplies a lawful basis for his detention unless and until Petitioner demonstrates separate legal error invalidating that decision." Singh v. Noem, No. 2:26-cv-0304 GJL, 2026 WL 482389, *3 (W.D. Wash. Feb. 20, 2026). Petitioner criticizes the IJ's bond ruling as cursory on reply, ECF No. 13 at 2-3, but did not challenge that proceeding in the amended petition. See Martinez v. Clark, 124 F.4th 775 (9th Cir. 2024) (providing legal framework for challenges to IJ bond determinations).

The undersigned instead finds that Petitioner is entitled to his request for a declaration that his continued detention violates 8 U.S.C. § 1226(a). "In a case of actual controversy within its jurisdiction . . . [a court] may declare the rights and other legal relations of any interested party seeking such declaration[.]" 28 U.S.C. § 2201; see also Societe de Conditionnement en Aluminium v. Hunter Eng'g Co., 655 F.2d 938, 942 (9th Cir. 1981) (declaratory judgment is appropriate where "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy") (citation omitted). Petitioner already received a § 1226(a) hearing, before the BIA held that individuals in his circumstances are ineligible for bond. But his ability to pursue § 1226(a)'s procedures going forward absent judicial intervention is uncertain at best given Respondents' position that he is detained under § 1225(b)(2). The declaratory judgment should reflect that Petitioner is detained under 8 U.S.C. § 1226(a) and entitled to the protections of that statute and its implementing regulations, including the right to request bond re-determination upon a showing of materially changed circumstances (e.g., the May 2026 dismissal of his DUI charge) under 8 C.F.R. § 1003.19(e).[5]

[5] Petitioner is not entitled to relief on his APA challenge to the lack of pre-deprivation notice "[a]fter residing in the United States for twenty four years." ECF No. 11 at 20. Pre-deprivation notice is not required under the statute. See 8 U.S.C. § 1226(a) (authorizing arrest and detention of noncitizens pending removal proceedings). Courts have generally required such notice as a

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner Jose Angel Guiterrez Garcia's (A# 207-277-922) application for a writ of habeas corpus (ECF No. 1) be GRANTED as to Count 1 as follows:

   a. Petitioner's request for declaratory relief (ECF No. 11 at 21) be GRANTED and a declaratory judgment issue that petitioner is subject to the discretionary detention scheme in 8 U.S.C. § 1226(a) and eligible to invoke the procedural protections in that statute and its implementing regulations, including the right to request a subsequent bond redetermination upon a showing of changed circumstances pursuant to 8 C.F.R. § 1003.19(e).

2. Judgment be entered in favor of Petitioner.

3. The Clerk of Court close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties

////

////

---

matter of due process following a prior, discretionary release by immigration officials. See, e.g., Labrador-Prato v. Noem, 815 F. Supp. 3d 1113 (E.D. Cal. 2025). No such release occurred here. Finally, having determined Petitioner is entitled to relief on his statutory claim, "it is not necessary to reach the constitutional question presented." Anchustegui v. Dep't of Agric., 257 F.3d 1124, 1129 (9th Cir. 2001). Further, although the undersigned ordered the Parties to brief the Doe v. Chestnut factors based on Petitioner's assertion of § 1226(c) detention in the original petition, that due process framework is ill-fitted to § 1226(a) given the existing procedural protections under that statute.

are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 23, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE