UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE ANGEL GUTIERREZ GARCIA (A-204-556-212),

Petitioner,

v.

WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, et al.,

Respondents.

No. 1:26-cv-02515-DC-SCR (HC)

ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS

(Doc. No. 14)

Petitioner is a federal immigration detainee who filed this amended habeas corpus action pursuant to 28 U.S.C. § 2241. (Doc. No. 11.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 23, 2026, the magistrate judge filed findings and recommendations. (Doc. No. 14.) The magistrate judge found that Petitioner is detained under 8 U.S.C. § 1226(a) rather than 8 U.S.C. § 1225(b) and recommended that the petition be granted as to Petitioner's Count One for declaratory judgment, specifically declaring that Petitioner is detained under § 1226(a). The findings and recommendations were served on all parties and contained notice that any objections to the findings and recommendations were to be filed within seven days. (*Id.*) Neither party filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this

court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court adopts the finding that Petitioner is subject to discretionary detention under 8 U.S.C. § 1226(a) and the recommendation that the petition accordingly be granted as to Count One, but declines to adopt the remaining findings and recommendations and will instead order Petitioner's immediate release.

This court has found that the government violates the Immigration and Nationality Act by depriving a noncitizen of the statutory protections set forth under § 1226(a), and this court and others have found that the proper remedy for this violation is immediate release from custody. *See, e.g.*, *Aguilar Moreno v. Chestnut*, No. 1:26-cv-07855-DC-JDP, 2026 WL 3136176, at *3 (E.D. Cal. Oct. 20, 2026) (finding that immediate release is appropriate where a notice of custody determination is not issued upon a noncitizen's detention, especially when there is a significant possibility of "confusion as to the lawful basis [for detention]" because the noncitizen "was initially detained under 8 U.S.C. § 1225"); *Zuniga Cruz v. Noem*, No. 1:26-cv-01818-DC-EFB, 2026 WL 890471 (E.D. Cal. Mar. 31, 2026) (granting injunctive relief on statutory grounds and ordering immediate release for noncitizen who was improperly detained under 8 U.S.C. § 1225(b) and thus not provided with the process he was entitled to under 8 U.S.C. § 1226(a) at the outset of his detention); *Brito v. U.S. Immigr. and Customs Enf't*, No. 1:26-cv-07869-DC-CSK, 2026 WL 3120979, at *4 (E.D. Cal. Oct. 19, 2026) (ordering immediate release of the petitioner and rejecting the government's argument that the petitioner received all the process entitled to him under § 1226(a) where the record showed that the petitioner was erroneously subjected to mandatory detention without the chance to advocate for his release on bond for the first five months of his detention); *Vasquez-Guerrero v. Central Valley Annex*, No. 1:26-cv-07184-DC-SCR, Doc. No. 8 (E.D. Cal. Oct. 26, 2026) (granting petition for writ of habeas corpus and ordering immediate release of noncitizen where the noncitizen was arrested under 8 U.S.C. § 1226(a) without a warrant and there was no indication in the record that any exception to the warrant requirement applied); *see also Barrientos v. Moss*, No. 1:26-cv-05943-NW, 2026 WL 2283034, at *3 (E.D. Cal. Aug. 7, 2026) (ordering noncitizen's immediate release where the noncitizen's "arrest and subsequent detention under § 1226(a) was unlawful because it appears to

have been made without a warrant, and no exceptions . . . applied"); *Djiwaje v. Bondi*, No. 2:26-cv-00344-RFB-MDC, 2026 WL 926753, at *4 (D. Nev. Apr. 6, 2026) (same).

Here, Petitioner was not provided with the protections he was entitled to under 8 U.S.C. § 1226(a). Specifically, as Petitioner acknowledges but Respondents do not refute, there is no evidence that Petitioner was detained pursuant to a warrant. (Doc. No. 11 at 18.) Similarly, there is no evidence that Petitioner was provided with a custody determination hearing upon his detention, that a notice of custody determination was provided to Petitioner, or that Petitioner was notified of his right to seek a prompt custody redetermination hearing before an immigration judge.[1] Thus, Petitioner's detention did not comply with 8 U.S.C. § 1226(a), and in accordance with this court's previous decisions in analogous situations, the undersigned will grant the amended petition for a writ of habeas corpus (Doc. No. 11) on statutory grounds and order that Petitioner be released immediately. *See Aguilar Moreno*, 2026 WL 3136176; *Zuniga Cruz*, 2026 WL 890471; *Brito*, 2026 WL 3120979; *Vasquez-Guerrero v. Central Valley Annex*, No. 1:26-cv-07184-DC-SCR.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed July 23, 2026 (Doc. No. 14), are ADOPTED IN PART;

2. The amended petition for a writ of habeas corpus (Doc. No. 11) is GRANTED on Count One,[2] as follows:

    a. Petitioner Jose Angel Gutierrez Garcia (A-204-556-212) shall be RELEASED IMMEDIATELY from Respondents' custody. Respondents

---

[1] This is not refuted by Petitioner's receipt of a bond hearing approximately one month after he was detained. (*See* Doc. No. 8 at 3.)

[2] Because the court is granting the petition on statutory grounds (Doc. No. 11 at 18–19), the court need not address any additional grounds raised in the petition. *See N.K. v. Noem*, No. 1:26-cv-00292-KES-SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); *Constantinovici v. Bondi*, No. 3:25-cv-02405-RBM-AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release").

shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;

b. Respondents shall RETURN all of Petitioner's documents and possessions (e.g., identification, passport, work permit, Social Security card, etc.) upon his release from custody;

c. Within three (3) days from the date of entry of this order, Respondents shall FILE a notice of compliance with this court confirming that Petitioner has been released in accordance with the above;

d. If the government seeks to re-detain Petitioner, they shall provide him with a bond hearing pursuant to 8 C.F.R. 1236.1(c)(8) at which Petitioner shall bear the burden of showing that he is not a flight risk or a risk to community safety; and

e. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

4. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 27, 2026**

Dena Coggins
United States District Judge